J-S50026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICHARD MICHAEL CHAROWSKY | |
| Appellant | No. 9 MDA 2016 |

Appeal from the PCRA Order entered December 4, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No: CP-54-CR-0001413-2014

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 17, 2016**

Appellant, Richard Michael Charowsky, appeals from the order the Court of Common Pleas of Schuylkill County entered on December 4, 2015, denying his request for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9451-46.  Upon review, we affirm.

The PCRA court summarized the relevant background as follows:

[Appellant] was arrested in this case on February 16, 2014.  The criminal complaint was not filed until August 4, 2014, and he was arraigned by Magisterial District Judge Christina Hale on August 5, 2014, approximately six months after his arrest.  He subsequently pled guilty to two of the charges.[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant pled guilty to DUI, highest rate of alcohol, third offense, and driving while operating privilege was suspended or revoked, 75 Pa.C.S.A. § 3802(c) and 75 Pa.C.S.A. § 1543(b)(1.1)(i), respectively.  Appellant was
*(Footnote Continued Next Page)*

[At the PCRA hearing, trial counsel] testified that he [was] not sure if he noticed the length of time that had passed between the arrest date and the complaint date. He did not remember discussing this issue with [Appellant], and did not see any other options besides negotiating a plea. No suppression or omnibus issues seemed to be present and [Appellant] had a lengthy criminal record. [At the same hearing, Appellant] testified that he had repeatedly attempted to discuss the time with [trial counsel] but that [trial counsel] did not listen. [Appellant] testified that he was prejudiced by the delay in that the person in the car at the time of his arrest, Edna Barket, could have testified. However, Ms. Barket was not present at the PCRA hearing and no evidence was provided as to how she would have aided [Appellant]'s defense.

PCRA Court Opinion, 12/4/15, at Following the hearing, the PCRA court denied relief. This appeal followed. On appeal, Appellant alleges the PCRA court erred in denying relief on his claim that trial counsel was ineffective for not challenging the Commonwealth's failure to comply with Pa.R.Crim.P. 519(B)(2).[2] We disagree.

_(Footnote Continued)_ ————————————

sentenced to one to five years' incarceration on the DUI conviction, and 90 to 180 days' incarceration on the other conviction, concurrent with the DUI conviction. Appellant did not file a direct appeal. Rather, Appellant filed a timely PCRA petition.

[2] Rule 519, in relevant part, provides as follows:

**(B) Release**
(1) The arresting officer shall promptly release from custody a defendant who has been arrested without a warrant, rather than taking the defendant before the issuing authority, when the following conditions have been met:

(a) the most serious offense charged is a misdemeanor of the second degree or a misdemeanor of the first degree in cases arising under 75 Pa.C.S. § 3802;

_(Footnote Continued Next Page)_

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). Accordingly, "[t]o prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the '[*Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987)] test,' or the claim fails." *Id.*

*(Footnote Continued)* ───────────────

> (b) the defendant poses no threat of immediate physical harm to any other person or to himself or herself; and
> (c) the arresting officer has reasonable grounds to believe that the defendant will appear as required.
> (2) When a defendant is released pursuant to paragraph (B)(1), a complaint shall be filed against the defendant within 5 days of the defendant's release. Thereafter, the issuing authority shall issue a summons, not a warrant of arrest, and shall proceed as provided in Rule 510.

Pa.R.Crim.P. 519(B)(1)-(2).

Regarding the specific claim raised in this appeal, the procedure for filing criminal complaints in cases involving a warrantless arrest, such as this one, is set forth in Rule 519, which, as noted, provides as follows: "When a defendant is released pursuant to paragraph (B)(1), a complaint shall be filed against the defendant within 5 days of the defendant's release. Thereafter, the issuing authority shall issue a summons, not a warrant of arrest, and shall proceed as provided in Rule 510." Pa.R.Crim.P. 519(B)(2). Dismissal for failure to file a criminal complaint within five days of a defendant's release as required by Rule 519(B)(2) is improper unless a defendant is prejudiced by the delay. *See Commonwealth v. Wolgemuth*, 737 A.2d 757, 760 (Pa. Super. 1999); *see also* Pa.R.Crim.P. 109.[3]

Upon review of the record, we agree with the PCRA court that Appellant failed to prove he suffered prejudice from trial counsel's omission. Specifically, the PCRA court noted: "[Appellant] provided vague claims to a

---

[3] Rule 109 provides as follows:

> A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court case, and the defect is prejudicial to the rights of the defendant.

Pa.R.Crim.P. 109.

possible witness that became unavailable due to the delay, but not enough evidence was given to show that the witness would have been available earlier, what her testimony would have been, or how her testimony would have helped his defense." PCRA Court Opinion, 12/4/15, at 4.

Our review of the record confirms the PCRA court's assessment. Accordingly, we conclude Appellant failed to prove that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citation omitted).[4] Thus, we affirm the PCRA court's order denying Appellant relief.

Order affirmed.

Judge Mundy did not participate in the consideration or decision of this case.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2016

_____

[4] Because we conclude Appellant failed to prove prejudice, we do need not to discuss whether Appellant met the other two prongs of the ineffective assistance standard.